IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                          18-CR-167-A

BENJAMIN ASHER HANDLEY,

          Defendant.

---

## PLEA AGREEMENT

The defendant, BENJAMIN ASHER HANDLEY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 3 of the Indictment, which charges a violation of Title 26, United States Code, Section 5861(j) (unlawful transport of firearm), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for



[UNITED STATES DISTRICT COURT FILED AUG 08 2019 WESTERN DISTRICT OF NY stamp]

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.   The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.   the defendant knowingly transported or delivered a firearm in interstate commerce;

b.   this firearm was a machinegun;

c.   the defendant knew of the characteristics of this firearm, that is, that it was a machinegun; and

d.   this firearm was not registered as required in the National Firearms Registration and Transfer Record.

## FACTUAL BASIS

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   On or about January 18, 2018, the defendant, BENJAMIN ASHER HANDLEY, using the email handle "Abraham_Ford.69", sent an email to an undercover agent of the U.S. Department of Homeland Security, Homeland Security Investigations ("UCA"). The defendant offered to sell fully automatic pistols to the UCA. After some negotiation, the UCA agreed to buy an automatic Glock 17 pistol from the defendant for $1,000 cash.

    b.    On or about February 6, 2018, the UCA told the defendant, "I think I have a UK buyer for that Glock, I told him it might be 2-3 weeks. Think that timeline is realistic?" In the following weeks, the defendant shipped three parcels from the State of Alaska to an address provided by the UCA in the Western District of New York. Split among the parcels were all of the parts for a Glock 17 pistol, with obliterated serial numbers and an additional modified backplate. The defendant emailed the UCA with instructions on assembling the modified backplate. Assembling the Glock yielded a fully automatic pistol.

    c.    The defendant subsequently sold an additional 11 fully automatic firearms with obliterated serial numbers to the UCA, all shipped from the State of Alaska for the Western District of New York.

    d.    None of these 12 firearms was registered as required by 26 U.S.C. § 5841 in the National Firearms Registration and Transfer Record.

### III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.    The government and the defendant agree that Guidelines § 2K2.1(a)(5) applies to the offense of conviction and provides for a base offense level of **18**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.    The government and the defendant agree that the following specific offense characteristics do apply:

    a.    the 4-level increase pursuant to Guidelines § 2K2.1(b)(1)(B) (offense involved 8-24 firearms);

3

b.  the 4-level increase pursuant to Guidelines § 2K2.1(b)(4)(B) (firearms had obliterated serial numbers); and

c.  the 4-level increase pursuant to Guidelines § 2K2.1(b)(5) (trafficking of firearms).

8.  The government maintains that the following specific offense characteristic does apply: the 4-level increase pursuant to Guidelines § 2K2.1(b)(6)(A) (transfer with reason to believe firearm would be transported out of the United States). The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

9.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **34**, if the government's calculations apply, and **30**, if the defendant's calculations apply.

## ACCEPTANCE OF RESPONSIBILITY

10.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **31**, if the government's calculations apply, and **27**, if the defendant's calculations apply.

## CRIMINAL HISTORY CATEGORY

11.   It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES APPLICATION, CALCULATIONS AND IMPACT

12.   (a)   It is the understanding of the government and the defendant that, if the Court determines that Guidelines § 2K2.1(b)(6)(A) does apply, with a total offense level of **31** and criminal history category of **I**, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of **108 to 120** months, a fine of **$30,000 to $250,000**, and a period of supervised release of **1 to 3** years.

(b)   It is the understanding of the government and the defendant that, if the Court determines that Guidelines § 2K2.1(b)(6)(A) does not apply, with a total offense level of **27** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **70 to 87** months, a fine of **$25,000 to $250,000**, and a period of supervised release of **1 to 3** years.

(c)   Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV.     STATUTE OF LIMITATIONS

15.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees not to assert the statute of limitations as a defense to any federal criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V.     REMOVAL

16.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if

convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### VI. GOVERNMENT RIGHTS AND RESERVATIONS

17. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

18. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

19. At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

## VII. APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12(b), above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, BENJAMIN ASHER HANDLEY, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
WEI XIANG
Assistant United States Attorney

Dated: August 8, 2019


I, BENJAMIN ASHER HANDLEY, have read this agreement, which consists of pages 1 through 9. I have had a full opportunity to discuss this agreement with my attorney, Assistant Federal Public Defender MaryBeth Covert. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I sign this agreement voluntarily and of my own free will.

_____    _____
BENJAMIN ASHER HANDLEY           MARYBETH COVERT, ESQ.
Defendant                         Attorney for the Defendant

Dated: August 8, 2019             Dated: August 8, 2019

9