IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  18-CR-167-A

BENJAMIN HANDLEY,

        Defendant.

# GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT

**THE UNITED STATES OF AMERICA**, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Timothy C. Lynch, Assistant United States Attorneys, of counsel, hereby submits its response to defendant's objection to the presentence report. The defendant objects to the Probation Department's determination that the four level upward adjustment, pursuant to United States Sentencing Guidelines § 2K2.1(b)(6)(A), applies because when the defendant transferred the firearm, he did so with knowledge, intent, or reason to believe the firearm would be transported outside the United States. For the reasons set forth below, the government requests that the Court deny the defendant's objection and adopt the Probation Department's offense level calculation.

A.    **Application of U.S.S.G. § 2K2.1(b)(6)(A)**

According to U.S.S.G. § 2K2.1(b)(6)(A), if the defendant transferred any firearm "with knowledge, intent or reason to believe that it would transported out of the United States," the

base offense level should be increased by four levels. Here, a review of the email communications between the undercover officer (UC) and the defendant demonstrate that the defendant had reason to believe that the firearms would be transported outside of the United States. Specifically, on February 6, 2018, the UC sent an email to the defendant, which read:

> Hey, did my pack land at your address? I was hoping I would have heard from you yesterday. I think I have a UK buyer for the Glock, I told him it might be 2-3 weeks. Think that timeline is realistic?

PSR at ¶ 13. This email was short and to the point and it is unlikely to have been overlooked by the defendant. If there was any doubt, it was dispelled by the defendant's February 8, 2018 email response. On that day, the defendant responded to the UC's email with specific information regarding the anticipated timing that the firearms would be sent to the UC. Filing 33 at ¶ 7. The defendant's response makes clear that the defendant read the UC's email as the defendant was acknowledging the timeline that the UC had sent out in his email to the defendant, and therefore, read the UC's statement that he thought he had a UK buyer for the Glock. This evidence is sufficient to trigger the four-level enhancement under § 2K2.1(b)(6)(A). See United States v. Mendoza, 556 Fed. Appx. 326, 327 (5th Cir. 2014) (finding that the undercover agent's statement that the firearms were going to Mexico was sufficient evidence to support the four-level enhancement under § 2K2.1(b)(6)(A)).

To the extent the defendant's objection raises a sentencing entrapment or manipulation theory, the Second Circuit has not "embraced either theory as a ground supporting a sentencing reduction." United States v. Floyd, 375 Fed. Appx. 88, 89 (2d Cir.

2010) (citing United States v. Gagliardi, 506 F.3d 140, 148-49 (2d Cir. 2007); United States v. Bala, 236 F.3d 87, 93 (2d Cir. 2000).

For the above reasons, the defendant's objection should be denied and the Court should adopt the presentence report in its entirety.

DATED: Buffalo, New York, October 31, 2019.

JAMES P. KENNEDY, JR.
United States Attorney

BY: ***S/TIMOTHY C. LYNCH***
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5846
Timothy.Lynch@usdoj.gov